# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| KAREN POPHIN, §<br>§<br>§<br>        Plaintiff, §<br>§<br>    v. §<br>§<br>COUCH, CONVILLE & BLITT, LLC, §<br>§<br>        Defendant. §<br>§<br>————————————————§ | Case No.: 14-306<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

KAREN POPHIN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COUCH, CONVILLE & BLITT, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* ("TDCA") and Texas common law.

## JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.      Defendant regularly conducts business in the State of Texas therefore personal jurisdiction is established.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

6.      Plaintiff is an adult individual residing in Hewitt, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code Ann. § 392.301(a)(8).

7.      Defendant is a Texas business entity with its principal place of business located at 6200 Savoy, Suite 440, Houston, Texas 77036.

8.       Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code Ann. § 392.001(6).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      At all times material hereto, Defendant contacted Plaintiff in an effort to collect a consumer debt originally owed to FIA Card Services, N.A.

11.      Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes; as Plaintiff does not have any business debt.

12.      Beginning in August 2013, Defendant's collectors placed repeated and continuous telephone calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

13.     Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (504) 838-7747, which the undersigned has confirmed belongs to Defendant.

14.     On average, Defendant's collectors called Plaintiff's cellular telephone two times or more per day and on the weekends.

15.     Moreover, on the morning of August 25, 2013, Defendant's collectors called Plaintiff's cellular telephone seven times in a span of five hours causing her phone to ring repeatedly and continuously.

16.     At all relevant times, Plaintiff advised Defendant that she did not intend to pay the debt and she also demanded that Defendant cease from calling her.

17.     Despite Plaintiff's requests, Defendant's calls persisted.

18.     Once Defendant was aware that Plaintiff had no intention to pay and that Plaintiff did not wish to be called there was no reason for additional calls, except for the purposes of harassment.

19.     Further, Defendant sent Plaintiff a collection letter dated August 14, 2013.  See Exhibit A.

20.     The correspondence indicates Defendant is an "Attorney[s] & Counselor[s] at Law."  See Exhibit A.

21.     Defendant's correspondence is deceptive as the least sophisticated consumer reading this correspondence would be deceived into thinking a lawyer was involved.

22.     Upon information and belief, no attorney with Defendant reviewed Plaintiff's file, and determined whether this particular letter should have been sent.

23.     Further, upon information and belief, Defendant's collection letter misleadingly implied that Defendant was retained to sue Plaintiff regarding the alleged debt.

24.     For example, the collection letter stated, "If you fail to contact this office, remedies to recover the balance may be considered."  <u>See</u> Exhibit A.

25.     Plaintiff understood this statement to mean that legal action was imminent.

26.     Upon information provided and belief, Defendant has never filed a law suit against Plaintiff nor did it ever intend to.  Instead, Defendant implied that it would sue Plaintiff for the sole purpose of coercing payment from Plaintiff.

27.     Defendant's actions as described herein were taken with the intent to harass, annoy and coerce payment from Plaintiff.

**COUNT I**
**<u>DEFENDANT VIOLATED § 1692d OF THE FDCPA</u>**

28.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.     Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; when it continued to call Plaintiff after being advised that Plaintiff did not intend to pay the debt; when it continued to call Plaintiff after being advised that its calls were unwanted; when it sent Plaintiff a misleading collection letter; and, when it implied that it would sue Plaintiff regarding the debt without actually having the intent to take such action.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

30.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31.     Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; when it continued to call Plaintiff after being advised that Plaintiff did not intend to pay the debt; and, when it continued to call Plaintiff after being advised that its calls were unwanted.

**COUNT III**
**DEFENDANT VIOLATED §§ 1692e and 1692e(10) OF THE FDCPA**

32.     A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33.     A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34.     Defendant violated §§ 1692e and 1692e(10) when it sent Plaintiff a misleading collection letter; and, when it implied that it was acting as an attorney and would sue Plaintiff regarding the debt without actually having the intent to take such action.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(5) OF THE FDCPA**

35.     A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

36.     Defendant violated § 1692e(5) when it threatened to sue Plaintiff regarding the debt without actually having the intent to take such action.


**COUNT V**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

37.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

38.     Defendant violated § 1692f when it harassed Plaintiff by its unwanted attempts to communicate with her; when it sent Plaintiff misleading correspondence; when it threatened Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.


**COUNT VI**
**DEFENDANT VIOLATED § 392.302(4) OF THE TDCA**

39.     A debt collector violates § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

40.     Defendant violated § 392.302(4) when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; when it continued to call Plaintiff after being advised that Plaintiff did not intend to pay the debt; and, when it continued to call Plaintiff after being advised that its calls were unwanted.

## COUNT VII
## DEFENDANT VIOLATED § 392.303(a)(2) OF THE TDCA

41.     A debt collector violates § 392.303(a)(2) by using unfair or unconscionable means to collect a debt.

42.     Defendant violated § 392.303(a)(2) when it harassed Plaintiff by its unwanted attempts to communicate with her; when it sent Plaintiff misleading correspondence; when it threatened Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT VIII
## DEFENDANT VIOLATED § 392.304(a)(8) OF THE TDCA

43.     A debt collector violates § 392.304(a)(8) by making fraudulent, deceptive or misleading representations when collecting a debt.

44.     Defendant violated § 392.304(a)(8) when it sent Plaintiff a misleading collection letter; and, when it implied that it was acting as an attorney and would sue Plaintiff regarding the debt without actually having the intent to take such action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAREN POPHIN, respectfully prays for a judgment as follows:

        a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

        b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

1
2
3

     c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

4

     d.  Any other relief deemed appropriate by this Honorable Court.

5
6

## **DEMAND FOR JURY TRIAL**

7
8

    PLEASE TAKE NOTICE that Plaintiff, KAREN POPHIN, demands a jury trial in this case.

9
10

                   RESPECTFULLY SUBMITTED,

11
12

DATED:  July 11, 2014         By:  /s/ Amy L. Bennecoff

13
14
15
16
17

                        Amy L. Bennecoff
                        Attorney for Plaintiff
                        Kimmel & Silverman, P.C.
                        30 E. Butler Pike
                        Ambler, PA 19002
                        Phone: (215) 540-8888
                        Fax: (877) 788-2864
                        Email: abennecoff@creditlaw.com

18
19
20
21
22
23
24
25